A. R. Ticknor, *Appellant,* v. Interstate Cooperage Company, a Corporation, *Appellee.*

Interstate Cooperage Company, a Corporation, *Appellant,* v. A. R. Ticknor, *Appellee.*

146 So. 555.

Division B.

Opinion filed February 24, 1933.

*Charles E. Pelot,* for Appellant, A. R. Ticknor;

*Edward S. Hemphill,* for Appellee, Interstate Cooperage Company.

Buford, J.—This case is before us on two appeals. The first is from an order allowing appellee in that case, Interstate Cooperage Company, to file an amended bill of complaint after the case had been at issue from December 21, 1929, to August 9, 1930. The original bill of complaint was filed March 13, 1929. Plea was filed June 25, 1929. The plea was set down for argument on July 1, 1929, and the plea was sustained on December 21, 1929.

Praecipe to dismiss was filed by the defendant on April 7, 1930.

The case stood thus on record until August 9, 1930, when the complainant filed motion for leave to file amended bill

of complaint and attached thereto the proposed amended bill of complaint.

Thereupon, the defandant filed motion to dismiss. The motion to dismiss was denied. The defendant then filed objections to allowing the amended bill of complaint to be filed.

The matter came on for hearing on the application for leave to file the amended bill of complaint and the objections thereto. Complainant was allowed to file the amended bill of complaint and the defendant was given until rule day in October, 1930, to file such pleadings as he might deem advisable. From this order appeal was taken.

Demurrer was afterwards filed to the amended bill of complaint and the same was sustained, from which order the second appeal was taken.

Upon inspection of the record, we find that the bill of complaint was without equity and, therefore, the order allowing the same to be filed was erroneous.

The amended bill of complaint in effect alleges that the defendant, Ticknor, was on the 21st day of July, 1925, Vice-President and General Manager of the Complainant corporation and that at that date he, representing the corporation, entered into negotiations which resulted in the sale of certain described property to one W. T. Walker for the sum of $8,000.00. The deed was made by the corporation and the consideration received by the corporation. That the defendant was Vice-President of the complainant and continued as such up to July 21, 1925. There is no allegation that he had any connection with the corporation after that date.

The bill alleges that on or about September 28, 1925, Walker sold and conveyed the same property to W. Norman

Horne of Marion County by deed dated September 8, 1925; that the consideration for this conveyance was $25,000.00; that $6,250.00 was paid in cash and a mortgage for $6,000.00 from Walker to the complainant was assumed and a second mortgage dated October 6, 1925, for the sum of $12,750.00 to secure the payment of three notes of even date payable in one, two and three years respectively, was executed by Horne and delivered to Walker; that on April 6, 1926, the mortgage was assigned to the defendant. That Walker received only a part of the consideration and the defendant received the balance.

There is no allegation in the bill of complaint that there was any collusion between defendant and Walker at the time of the sale of the property from the corporation to Walker. There is no allegation that the $8,000.00 consideration received by the corporation was not a fair price and the full value of the property at the time of that transaction. There is no allegation that there was any agreement between Walker and Ticknor for a division of profits on the re-sale of the property or that there were any secret profits flowing to Ticknor in the original transaction.

The bill alleges that the mortgage referred to was assigned to defendant without payment of the full amount secured.

The bill of complaint shows on its face that when the property was sold by Walker it was at a date long after the defendant had ceased to be an officer of the complainant corporation.

The facts alleged do not bring this case within the rule enunciated in the case of Connelly v. Special Road and Bridge District No. 5 et al., 99 Fla. 456, 125 So. 794.

For the reasons above stated, the order allowing the amended bill of complaint to be filed should be reversed and

the order sustaining the demurrer to the amended bill of complaint and dismissing the same should be affirmed. It is so ordered.

Reversed as to Ticknor v. Interstate Cooperage Company; affirmed as to Interstate Cooperage Company v. Ticknor.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.